rule is generally observed in practice throughout the state so far as I have had an opportunity of ascertaining." The rule here stated relates to affidavits of defense, but the reason for the rule is equally applicable to the affidavit now under consideration. If it were made to appear that the deponent had authority to make the affidavit and sufficient explanation were given of the inability of the party to make it himself, there would be no objection to the affidavit of a stranger to the proceeding, but in the absence of such explanation and evidence of authority to act, the affidavit is not in conformity with the practice in such cases and the court was justified in disregarding it and discharging the rule. The order is therefore affirmed and the appeal dismissed at the cost of the appellant.

---

## Commonwealth *v.* Kreinbrook, Appellant.

*Appeals—Statement of question involved—Assignments of error—Quashing appeal.*

An appeal will be quashed where the paper-book of the appellant contains neither statement of question involved nor assignments of error.

Argued Dec. 1, 1902. Appeal, No. 54, April T., 1903, by plaintiff, from judgment of Q. S. Westmoreland Co., May T., 1902, No. 94, on verdict of guilty in case of Commonwealth v. L. N. Kreinbrook. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Indictment for selling liquor without a license.

The appellant's paper-book contained no statement of question involved nor assignments of error.

*S. A. Cline,* with him *John B. Keenan,* for appellant.

*J. E. B. Cunningham,* district attorney, *Joseph A. McCurdy* and *Ralph D. Hurst,* with him, for appellee.

PER CURIAM, December 1, 1903:
Appeal quashed at bar.